**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COMPONENTONE, LLC, a limited liability )
company of the Commonwealth of )
Pennsylvania, USA, )
                               )
                    Plaintiff, )
                               )
             v. )     02: 05cv1122
                               )
COMPONENTART, INC., a Canadian )
corporation, )
                               )
                 Defendant. )

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION TO DISMISS

DEFENDANT'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6), with brief in

support filed by Plaintiff (*Document Nos. 7 and 8,* respectively), the brief in opposition filed by

Defendant (*Document No. 12*), and the Reply Brief filed by Plaintiff (*Document No. 19*).

On August 12, 2005, Plaintiff, COMPONENTONE, L.L.C., filed a Complaint in this

Court against Defendant, COMPONENTART, Inc., in which it alleged that Defendant's use of

the COMPONENTART mark violates Plaintiff's rights in the mark COMPONENTONE, which

is the subject of U.S. Trademark Registration No. 2,670,965.

On December 27, 2005, Defendant filed its Answer and Counterclaim, in which it

asserts that Plaintiff's trademark is subject to cancellation pursuant to 15 U.S.C. § 1064.

On January 13, 2006, Plaintiff filed a Motion to Dismiss the Counterclaim.  On

March 7, 2006, the Court heard oral arguments on the instant motion, at which counsel for the

parties argued the issues skillfully and effectively.  For the following reasons, the Motion to

Dismiss will be denied.

Plaintiff argues that Defendant's counterclaim should be dismissed because it is "fundamentally flawed" as it fails under the anti-dissection doctrine of trademark law. Defendant agrees that the anti-dissection rule applies as a general principle to trademark cases involving composite and unitary marks.  However, Defendant contends that at this early stage of the litigation, the Court is unable to find as a matter of law that the anti-dissection rule applies and that its Counterclaim should be dismissed.  Defendant further requests that it be allowed leave to amend its Counterclaim to conform to its position taken in its brief and argument, *to wit*:  that Plaintiff's "COMPONENTONE" trademark is merely descriptive and not entitled to protection as a trademark and that Plaintiff's various registrations for marks, including COMPONENTONE should be cancelled.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the Counterclaim.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court must determine whether Defendant would be entitled to relief under any set of facts that could be established in support of its claims.  *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).  All allegations in the Counterclaim and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the Defendant.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

When viewing Defendant's allegations in the most flattering light, the allegations arguably support the contention that Plaintiff's trademark may be subject to cancellation.  It may well be that discovery will reveal that the anti-dissection rule applies and Defendant's Counterclaim will be found to be "fundamentally flawed."  However, until such time, the Court

2

finds and rules that Defendant may maintain its Counterclaim for cancellation of Plaintiff's trademark.

      An appropriate Order follows.


               McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COMPONENTONE, LLC, a limited liability   )
company of the Commonwealth of   )
Pennsylvania, USA,   )
  )
          Plaintiff,   )
  )
         v.   )   02: 05cv1122
  )
COMPONENTART, INC., a Canadian   )
corporation,   )
  )
         Defendant.   )

**ORDER OF COURT**

AND NOW, this 8th day of March, 2006, it is hereby **ORDERED** as follows:

1.     The Motion to Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Plaintiff (Document No. 7) is **DENIED;**

2.     On or before March 20, 2006, Defendant shall file an Amended Counterclaim to conform to the position taken in its brief and argument, namely that Plaintiff's COMPONENTONE trademark is merely descriptive, not entitled to protection as a trademark and that Plaintiff's various registrations for marks including the term "COMPONENTONE" should be cancelled; and

3.     Defendant is further **ORDERED** to amend its Initial Disclosures to the extent necessary to encompass its Amended Counterclaim.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Gregg R. Zegarelli, Esquire
            Technology & Entrepreneurial Ventures Law Group
            Email: mailroom.grz@zegarelli.com

            Frederick W. Thieman, Esquire
            Thieman & Ward
            Email: fwt@thiemanward.com

            Lawrence R. Robins, Esquire
            Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
            Email: larry.robins@finnegan.com