**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., a limited liability company of the Commonwealth of Pennsylvania, USA, | ) ) ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 02: 05cv1122 |
| | ) | |
| COMPONENTART, INC., a Canadian corporation; COMPONENTART HOLDINGS, INC., a Canadian corporation; CYBERAKT, INC., a Canadian corporation; Steve G. Rolufs, an adult individual; Miljan Braticevic, an adult individual; John Doe, an adult individual;  Jane Doe, an adult individual; and Dusan Braticevic, an adult individual; jointly and severally liable, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

Presently pending before the Court are the following:

• PLAINTIFF'S MOTION TO COMPEL PRODUCTION (*Document No. 62*);

• DEFENDANT'S CROSS-MOTION FOR PROTECTIVE ORDER

(*Document No. 65*), PLAINTIFF'S EMERGENCY RESPONSE TO DEFENDANT'S

MOTION FOR PROTECTIVE ORDER (*Document No. 68*), and DEFENDANT'S REPLY TO

PLAINTIFF'S EMERGENCY RESPONSE TO DEFENDANT'S CROSS-MOTION FOR

PROTECTIVE ORDER (*Document No. 69*);

• DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S

MOTION TO COMPEL PRODUCTION AND IN SUPPORT OF ITS CROSS-MOTION FOR

PROTECTIVE ORDER (*Document No. 66)* and

•       DEFENDANT'S MOTION FOR LEAVE TO FILE CONFIDENTIAL

REPLY BRIEF (*Document No. 72*).

The Court has examined the discovery-related thrusts and parries and is concerned

that counsel or the parties, on one or both sides of this suit, may be taking positions that do not

comply with either the letter or spirit of the Federal Rules of Civil Procedure or the Local Rules

of Court regarding discovery.  This Court will not allow the discovery process to be abused nor

will it tolerate delay tactics by counsel for either party or by the parties themselves.  If any

counsel or party makes excessive demands or insufficient responses after this cautionary order

by the Court, an order may be entered providing for sanctions and/or more stringent controls

over discovery.

After due deliberation, the Court finds and rules as follows:

1.       PLAINTIFF'S MOTION TO COMPEL PRODUCTION

Eighteen of the outstanding Requests for Production served upon Defendant

ComponentArt, Inc., relate to the new "fraud allegation," which is contained in the Amended

Complaint, and request information pertaining to the stock ownership and corporate structure

of the three "related entities," as well as the former employment of Steve G. Rolufs, the Chief

Executive Officer of ComponentArt, Inc.  (Request Nos. 4, 9-14, 17-20, 24, 28, 30-32, 38 and

40).  Defendant ComponentArt objects to these requests on the grounds that they are "irrelevant

and not calculated to lead to the discovery of admissible evidence."  However, the newly filed

Amended Complaint clearly alleges a claim for civil conspiracy against all Defendants which

the Court finds now makes these requests relevant.  Accordingly, Plaintiff's Motion to Compel

responses to Request For Production Nos. 4, 9-14, 17-20, 24, 28, 30-32, 38 and 40 is

**GRANTED.**   Defendant is **ORDERED**  to supplement its responses to Request For

Production Nos. 4, 9-14, 17-20, 24, 28, 30-32, 38 and 40 on or before October 27, 2006.

As to Request for Production Nos. 1, 2, and 3, Defendant responds that it has already

produced all non-privileged, responsive documents of which it is aware.  Accordingly,

Plaintiff's motion to compel responses to Request for Production Nos. 1, 2, and 3 is **DENIED.**

In Request for Production No. 16, Plaintiff seeks all written documents regarding

training programs for employees.  According to the Defendant's Responses, in a telephone

conversation between counsel, Defendant's counsel informed Plaintiff's counsel that he

believed the request was overly broad and unduly burdensome.  Plaintiff's counsel indicated

that he would narrow the request, but has not done so to date.  Accordingly, Defendant has

responded to this request as it was originally served.    The Court finds and rules that Request

for Production No. 16 as originally served is overly broad and unduly burdensome.

Accordingly, Plaintiff's motion to compel response to Request for Production No. 16 is

**DENIED**.

In Request for Production Nos. 22 and 23, Plaintiff seeks all documents "relating to

the identity of Defendant's competition" and "all documents relating to the establishment of the

criteria of what or who is Defendant's competition."  Defendant has objected to these requests

on the grounds that they are overly broad and burdensome and seek documents which are

irrelevant.  Defendant has admitted in response to Plaintiff's requests for admission that

Plaintiff and Defendant are competitors and that their goods are competitive.  Plaintiff has not

shown why information regarding other competitors of Defendant is relevant; therefore,

Plaintiff's motion to compel responses to Request for Production Nos. 22 and 23 is **DENIED**.

In Request for Production No. 25, Plaintiff requests all documents regarding the naming the "Charting" product.  Defendant objects on the grounds of relevance and Plaintiff has not provided any information as to why this information is relevant. Without additional information, the Court is unable to make a determination as to the relevance of this particular request.  Accordingly,  Plaintiff's motion to compel response to Request for Production No. 25 is **DENIED** without prejudice.

In Request for Production No. 39,  Plaintiff requests "any and all domain name searches, trademark searches, including documents from any meeting regarding the same." Defendant objects to the extent that the request relates to trademark searches outside the United States, as such documents are irrelevant and not calculated to lead to the discovery of admissible evidence.  Defendant also responds that "all other non-privileged, responsive documents have been produced in response to Plaintiff's earlier discovery requests."  The Court finds and rules that Defendant has properly objected to this request and, therefore, Plaintiff's motion to compel response to Request for Production No. 39 is **DENIED**.

Lastly, Plaintiff's request that the Court examine unredacted law firm invoices to "ensure that such invoices, where redacted, actually contain legal advice" is **DENIED**.

2.      DEFENDANT'S CROSS-MOTION FOR PROTECTIVE ORDER

For the reasons fully explained *supra,* Defendant's Cross-Motion for Protective Order is **DENIED**.

3.    DEFENDANT'S MOTION FOR LEAVE TO FILE CONFIDENTIAL

REPLY BRIEF

        The Court finds and rules that there is no need for this additional filing.  Defendant's

position was set forth very clearly in its Memorandum in Opposition to Plaintiff's Motion to

Compel Production.  Accordingly, Defendant's Motion for Leave is **DENIED**.


                                    BY THE COURT:


                                    s/Terrence F. McVerry
                                    United States District Court Judge



cc:      Dennis M. Moskal, Esquire
         Email: mailroom.dmm@zegarelli.com

         Gregg R. Zegarelli, Esquire
         Email: mailroom.grz@zegarelli.com

         Frederick W. Thieman, Esquire
         Email: fwt@thiemanward.com


         Jonathan M. Gelchinsky, Esquire
         Email: jon.gelchinsky@finnegan.com

         Lawrence R Robins, Esquire
         Email: larry.robins@finnegan.com