IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPONENTONE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 05cv1122 |
| ) | |
| COMPONENTART INC., ) | |
| COMPONENTART HOLDINGS, INC., ) | |
| CYBERAKT, INC., STEVE G. ROLUFS, ) | |
| MILJAN BRATICEVIC, JOHN DOE, ) | |
| JANE DOE, AND DUSAN BRATICEVIC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court is DEFENDANT COMPONENTART INC.'S RULE 12(f) MOTION TO STRIKE PARAGRAPHS 34 AND 35 OF THE AMENDED COMPLAINT (*Document No. 78*), with brief in support, the BRIEF IN OPPOSITION filed by ComponentOne, L.L.C. (*Document No. 86*) and the REPLY BRIEF filed by ComponentArt Inc. (*Document No. 88*). The matter has been fully briefed and is ripe for disposition.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions to strike are generally not favored by the courts. *Allegheny County Sanitary Auth. v. U.S.E.P.A.*, 557 F. Supp. 419, 426 (W.D. Pa. 1983), *aff'd,* 732 F.2d 1167 (3d Cir. 1984). "The standard for striking under Rule 12(f) is strict.*" In re Catanella and E.F. Hutton and Co.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984). " '[O]nly allegations that are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . should be stricken.' " *Id.* (quoting *EEOC v. Ford Motor Co.*, 529 F. Supp. 643, 644 (D. Colo. 1982)).

Defendant Componentart Inc., argues that Paragraphs 34 and 35 of the Amended Complaint contain immaterial and prejudicial allegations and should be stricken under Rule 12(f). Plaintiff argues that these paragraphs are "clearly related to Plaintiff's piercing the corporate veil theory as expounded in paragraphs 30-32." Pl's Br. at 4.

Paragraphs 34 and 35 read as follows:

> 34.  It is believed, and therefore averred, that shareholder John Doe holds shares as a named "straw man" or agent for Steve Rolufs in order to perpetrate a fraudulent scheme.
>
> 35.  Upon information and belief, said fraudulent scheme is for the purposes of:
>
> (a)  concealing improper employment practices in raiding a <u>prior employer's employees</u> to improperly capitalize on the prior employer's training and investment, in the same manner that ComponentArt has improperly capitalized on Plaintiff's investment in its Marks and reputation;  and
>
> (b)  concealing ownership <u>from creditors</u> of Steve Rolufs' to deprive Steve Rolufs' <u>separated spouse, creditors and/or other obligees</u> from any interest or claim in Steve Rolufs' interest in the ComponentArt.
>
> (c)  At all times, John Doe is an active and willing participant in this conspiracy, as well as Miljan Braticevic, Dusan Braticevic and Steve Rolufs.

Amended Complaint, at ¶¶ 34 and 35.

The Amended Complaint in this action contains claims for trademark infringement, dilution and unfair competition, state trademark dilution, and conspiracy to infringe ComponentOne's trademarks and engage in unfair competition. Specifically, ComponentOne alleges that Component Art's use of the mark "ComponentArt" in the same channels of trade as

ComponentOne infringes, dilutes, tarnishes and blurs ComponentOne's rights and reputation, as well as causes and/or is likely to cause confusion.

Paragraphs 34 and 35 contain allegations that ComponentArt Inc. defrauded a former employer of Steve Rolufs, ComponentArt's President and CEO, and/or that it was involved in a scheme to hide assets from the spouse, creditors, and other obligees of Steve Rolufs.

It appears to the Court that the acts alleged in Paragraphs 34 and 35 are not material to the dispute at hand.  Further, the allegations of Paragraphs 34 and 35 do not relate to any injury allegedly suffered by this Plaintiff.  Rather, the claims described in Paragraphs 34 and 35 are claims which belong to unrelated third parties.

The Court finds and rules that the allegations contained in Paragraphs 34 and 35 of the Amended Complaint are immaterial and impertinent.  Accordingly, Paragraphs 34 and 35 will be stricken from the Amended Complaint.

So **ORDERED** this 22nd day of December, 2006.

BY THE COURT:


s/Terrence F. McVerry
United States District Court Judge

cc:     Dennis M. Moskal, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.dmm@zegarelli.com

        Gregg R. Zegarelli, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.grz@zegarelli.com

        Frederick W. Thieman, Esquire
        Thieman & Ward
        Email: fwt@thiemanward.com

        Jonathan M. Gelchinsky, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner
        Email: jon.gelchinsky@finnegan.com

        Lawrence R Robins, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
        Email: larry.robins@finnegan.com