## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1122 |
| | ) | |
| COMPONENTART INC., | ) | |
| COMPONENTART HOLDINGS, INC., | ) | |
| CYBERAKT, INC., STEVE G. ROLUFS, | ) | |
| MILJAN BRATICEVIC, JOHN DOE, | ) | |
| JANE DOE, AND DUSAN BRATICEVIC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is DEFENDANT COMPONENTART INC.'S RULE

12(b)(6) MOTION TO DISMISS PLAINTIFF'S CIVIL CONSPIRACY CLAIM (*Document

No. 77*), with brief in support, the BRIEF IN OPPOSITION filed by Componentone, L.L.C.

(*Document No. 86*), and the REPLY BRIEF filed by Componentart Inc. (*Document No. 88*).

The matter has been fully briefed and is ripe for disposition.  After consideration of the motion,

the response, and the memoranda in support of and in opposition thereto, the Court will deny in

part and grant in part the motion.


### Standard of Review

When considering a motion to dismiss the court accepts as true all well pleaded

allegations of fact.  *See Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n*, 90 F.3d

797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court

construes all reasonable inferences from those allegations in a light most favorable to the

plaintiff.  *Id.*   The complaint will be dismissed if there is "no set of facts" which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47  (1957).

### Discussion

Defendant ComponentArt Inc. argues that the intracorporate conspiracy doctrine bars ComponentOne's claims against ComponentArt Inc. in which it is alleged that ComponentArt Inc. conspired to infringe Plaintiff's trademarks or engage in unfair competition.

A cause of action for civil conspiracy under Pennsylvania law requires: "(i) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (ii) an overt act done in pursuance of the common purpose; and (iii) actual legal damage." *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).

The intracorporate conspiracy doctrine provides that "an entity cannot conspire with one who acts as its agent." *General Refractories*, 337 F.3d at 313 (*citing Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999)).

a.    *Alleged Conspiracy Between ComponentArt Inc. and Defendants Rolufs, M. Bratecevic, D. Bratecevic, and Jane Doe*

ComponentArt Inc. argues that the intracorporate conspiracy doctrine bars any claims for civil conspiracy against these four individual defendants, each of whom was a director and/or employee of ComponentArt Inc. and each of whom was acting on behalf of ComponentArt Inc. at the time they engaged in the alleged conspiracy.[1]  A noted exception to the intracorporate conspiracy doctrine is applicable when the agent, whether an officer, director, or employee of the company, acts for his or her own personal benefit or where their actions exceeded the bounds of their authority.  Plaintiff contends that it will prove at trial "that the injury caused to Plaintiff yielded benefits in the form of monetary value to the owners."  Pl's Br. at 13.   Furthermore, Plaintiff contends that these individual defendants acted outside the scope of their employment, if any.

It may well be that discovery will reveal that the intracorporate conspiracy doctrine bars any claims for civil conspiracy against ComponentArt Inc. and Defendants Rolufs, M. Bratecevic, D. Bratecevic, and Jane Doe.  However, until such time, the Court finds and rules that Plaintiff may maintain its claim for an alleged civil conspiracy between ComponentArt Inc. and these individual defendants.

b.    *Alleged Conspiracy Between ComponentArt Inc. and Defendant John Doe*

Defendant ComponentArt represents that John Doe is "merely a shareholder of ComponentArt Holdings, Inc.," and is not involved in the day to day activities of the

---

[1]    Steve Rolufs - director and CEO of ComponentArt Inc.; Miljan Braticevic - director and president of ComponentArt Inc.; Dusan Braticevic - director and Chief Software Architect of ComponentArt Inc.; and Jane Doe - Manager of Marketing and Sales of ComponentArt Inc.

corporation.  It appears at this early stage of the litigation that the intracorporate conspiracy

doctrine would not be applicable to any conspiracy alleged between ComponentArt and John

Doe, who is not a corporate officer.   Again, however, it may well be that discovery will reveal

that the intracorporate conspiracy doctrine is applicable to any conspiracy claims against

ComponentArt Inc. and John Doe; until such time, however, the Court finds and rules that

ComponentOne may maintain its claim for civil conspiracy between ComponentArt Inc. and

John Doe.

        c.     *Alleged Conspiracy Between ComponentArt Inc. and ComponentArt*
             *Holdings, Inc.*

ComponentArt Holdings, Inc. is the parent and sole shareholder of ComponentArt

Inc.   Relying on the United States Supreme Court's decision in *Copperweld Corporation v.*

*Independence Tube Corporation*, 467 U.S. 752 (1984), ComponentArt Inc. argues that a parent

corporation and its wholly owned subsidiary are essentially one entity and that they are,

therefore, incapable of making an agreement with one another that could serve as the basis for a

conspiracy.

Initially, the Court notes that the holding in *Copperweld* was expressly limited to the

Sherman Antitrust Act context.  Furthermore, the Pennsylvania Superior Court declined to

extend the holding of *Copperweld* to a claim for civil conspiracy.  *See Shared Communs. Serv.*

*v. Bell Atlantic,* 692 A.2d 570 (Pa. Super.), *alloc. denied*, 723 A.2d 673 (Pa. 1997).

The Court is not able to rule as a matter of law at this early stage of the litigation that

the claims in Count X of the Amended Complaint which relate to an alleged conspiracy

between ComponentArt Inc. and Component Holdings, Inc. should be dismissed.  Therefore,

the Court finds and rules that ComponentOne may maintain its claim for civil conspiracy between ComponentArt Inc. and ComponentArt Holdings, Inc.

        d.    *Alleged Conspiracy Between ComponentArt Inc. and Cyberackt, Inc.*

Based on ComponentArt Inc.'s representation that Cyberackt, Inc. is "merely the former corporate name for the entity that is presently known as ComponentArt Inc.," the claims in Count X of the Amended Complaint which relate to an alleged conspiracy between ComponentArt Inc. and Cyberackt, Inc. will be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Count X filed by Defendant ComponentArt Inc. will be granted in part and denied part.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1122 |
| | ) | |
| COMPONENTART INC., | ) | |
| COMPONENTART HOLDINGS, INC., | ) | |
| CYBERAKT, INC., STEVE G. ROLUFS, | ) | |
| MILJAN BRATICEVIC, JOHN DOE, | ) | |
| JANE DOE, AND DUSAN BRATICEVIC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

　　**AND NOW**, this 22nd day of December, 2006, in accordance with the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss filed by Defendant ComponentArt Inc. is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

　　1.　　The Motion to Dismiss Count X of the Amended Complaint as it relates to an alleged conspiracy between ComponentArt Inc. and ComponentArt Holdings, Inc.; Steve G. Rolufs, Miljan Braticevic, John Doe, Jane Doe and Dusan Braticevic is **DENIED**; and

　　2.　　The Motion to Dismiss Count X of the Amended Complaint as it relates to an alleged conspiracy between ComponentArt Inc. and Cyberackt, Inc. is **GRANTED.**

　　Furthermore, Defendant ComponentArt, Inc. is **ORDERED** to supplement its responses to Plaintiff's Requests for Production (Third Set) Nos. 4, 9-14, 17-20, 24, 28, 30-32, 38 and 40 on or before **January 5, 2007.**

IT IS **ORDERED** that Defendants shall each file an Answer to the Amended

Complaint on or before **January 2, 2007.**


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:     Dennis M. Moskal, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.dmm@zegarelli.com

        Gregg R. Zegarelli, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.grz@zegarelli.com

        Frederick W. Thieman, Esquire
        Thieman & Ward
        Email: fwt@thiemanward.com

        Jonathan M. Gelchinsky, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner
        Email: jon.gelchinsky@finnegan.com

        Lawrence R Robins, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
        Email: larry.robins@finnegan.com