# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:  05cv1122 |
| | ) | |
| COMPONENTART, INC., | ) | |
| COMPONENTART HOLDINGS, INC., | ) | |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, | ) | |
| JANE DOE, DUSAN BRATICEVIC, | ) | |
| JOHN DOE and CYBERAKT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

March 12, 2007

Before the Court for disposition is the MOTION TO DISMISS JOHN DOE (VERNON ROLUFS), JANE DOE (MILENA BRATICEVIC) AND COMPONENTART HOLDINGS, INC. UNDER FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION, with brief in support (*Document Nos. 95 and 96*), the brief in opposition filed by Plaintiff, ComponentOne, L.L.C. (*Sealed Document No. 99*), and the Reply Brief filed by John Doe (Vernon Rolufs), Jane Doe (Milena Braticevic) and ComponentArt Holdings, Inc. (*Document No. 101*).

Upon consideration of the affidavits and documentation submitted, as well as the extensive memoranda filed, and the applicable case law, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) will be granted.

## STANDARD OF REVIEW

For the purpose of a 12(b)(2) motion, the Court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.  *Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992).  However, when challenged, the burden of establishing personal jurisdiction rests upon the plaintiff.  *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 482 (3d Cir. 1993). "Plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3rd Cir. 1984).[1]  The plaintiff must offer evidence that establishes with reasonable particularity the existence of sufficient contacts between the defendant and the forum state to support jurisdiction.  *See Carteret,*  954 F.2d at 146; *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).

A federal district court "may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits." *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (*citing Fed. R. Civ. P. 4(e)*).  The United States Court of Appeals for the Third Circuit has provided the following guidance with respect to the relationship between state and federal law:

> In brief, to exercise personal jurisdiction over a defendant, a federal court . . . must undertake a two-step inquiry.  First, the court must apply the relevant state . . . statute to see if it permits the exercise of personal

---

[1]  Whether a Court may exercise personal jurisdiction over a defendant is "inherently a matter which requires resolution of factual issues outside the pleadings." *Time Share Vacation Club, supra*, 735 F.2d at 67 n.9.

jurisdiction; then, the court must apply the precepts of the Due Process
Clause of the Constitution.

*IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998).

The reach of the Pennsylvania long-arm statute is "coextensive" with the due process

clause. *North Penn Gas v. Corning Natural Gas Co.*, 897 F.2d 687, 690 (3d Cir.), *cert. denied,*

498 U.S. 847 (1990).  The due process clause permits the court to assert personal jurisdictional

over a nonresident defendant who has "certain minimum contacts with [the forum] such that the

maintenance of [a] suit does not offend traditional notions of fair play and substantial justice."

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

**Discussion**

A.       General Jurisdiction

Personal jurisdiction may be either general or specific.  General jurisdiction is

implicated when the claim arises from the defendant's non-forum-related activities.

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 411 n.9 (1984).  In such a

case, the plaintiff "must show significantly more than mere minimum contacts." *Provident

Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  To assert general

jurisdiction, the plaintiff must demonstrate that the defendant's contacts with the forum state

were "continuous and substantial." *Id.; Gehling v. St. George's Sch. of Med.*, 773 F.2d 539,

541 (3d Cir. 1985).  The threshold for establishing general jurisdiction is very high and requires

a showing of "extensive and pervasive" facts demonstrating connections with the forum state.

*Reliance Steel Prods. Co. v. Watson, Ess. Marshall & Enggas,* 675 F.2d  587, 589 (3d Cir.

1982).  Federal courts sitting in Pennsylvania consider the following objective criteria in

ascertaining the existence of general jurisdiction:

3

(i)  whether defendant is incorporated or licensed to do business in Pennsylvania;

(ii)  whether the defendant has ever filed any tax returns with the Commonwealth of Pennsylvania;

(iii) whether the defendant files administrative reports with any agency or department of the Commonwealth;

(iv) whether the defendant regularly purchases products or supplies within Pennsylvania for use in its business outside of the state;

(v)  whether the defendant owns land or property within the state;

(vi) whether the defendant advertises in Pennsylvania; and

(vii) whether the defendant maintains an agent in Pennsylvania.

*Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 269 (E.D. Pa. 1991).

Defendant Vernon Rolufs has submitted an affidavit in which he avers that he is a resident of and is domiciled in Ontario, Canada; neither owns any property or real estate in Pennsylvania; has never purchased any products in Pennsylvania and has never ordered products from entities located in Pennsylvania; and has been present in Pennsylvania only while driving in a vehicle from Ontario to Florida.

Defendant Milena Braticevic has submitted an affidavit in which she avers that she does not live in Pennsylvania; has never actually been to Pennsylvania; has never transacted business in Pennsylvania; owns no personal or real property in Pennsylvania; has never purchased any products in Pennsylvania, and has never ordered products from entities located in Pennsylvania.[2]

---

[2]     Neither party addressed the non-forum contacts of defendant ComponentArt Holdings or the Court's exercise of general personal jurisdiction over this Defendant.  However, it is clear from the evidence of record that ComponentArt
```
                                                        (continued...)
```

4

Whether a defendant's contacts are sufficiently "continuous and substantial" to support general jurisdiction must be decided on a case-by-case basis. *Gavigan v. Walt Disney World Co.,* 630 F. Supp. 148, 150 (E.D. Pa. 1986). The Court finds that the heavy requirements for general jurisdiction are not met. Plaintiff has not established that either Defendant Vernon Rolufs or Milena Braticevic have contacts with Pennsylvania which have been both continuous and substantial, and accordingly, the requirements for the exercise of general personal jurisdiction are not met.

B.        Specific Jurisdiction

Specific jurisdiction applies where the plaintiff's cause of action arises from the defendant's forum-related activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 426, 472 (1985). "To establish specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state 'such that [the defendant] should reasonably anticipate being haled into court there.' " *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

1.        Vernon Rolufs and Milena Bratecevic

The evidence in the record reveals that Vernon Rolufs' only contact with Pennsylvania exists by virtue of his ownership of stock in ComponentArt Holdings, an entity that does not itself conduct business in Pennsylvania. In his Affidavit, Vernon Rolufs avers that

------

[2](...continued)
    Holdings does not have any contact with Pennsylvania and the only possible contact
    it may have with Pennsylvania is by virtue of it being the parent company of
    ComponentArt Inc.

he has never been an officer, director, shareholder, employee or consultant of Component Art Inc; has never been involved in any of the day-to-day operations of either ComponentArt Holdings or ComponentArt Inc.; and is merely one of seven shareholders of ComponentArt Holdings, who owns just under 30% of the outstanding shares of that company.  From December 18, 2003, to February 1, 2004, Vernon Rolufs served as a director of and as President of ComponentArt Holdings.  He ceased serving as director and President of ComponentArt Holdings more than two weeks before the name of the operating company, Cyberakt Inc., was changed to ComponentArt Inc. on February 16, 2004, and several months before ComomponentArt Inc. began using the ComponentArt trademark publicly in commerce in the United States, in or about May 2004.  Vernon Rolufs did not participate in any way in the decision to adopt the name "ComponentArt," which decision was made prior to the time that he became a shareholder of ComponentArt Holdings.

Similarly, the evidence in the record reveals that Milena Bratecevic's only contact with Pennsylvania exists by virtue of her employment with ComponentArt Inc. and her ownership of stock in ComponentArt Holdings.  Milena Bratecevic is employed by ComponentArt Inc. as the Sales and Marketing Manager, a non-executive position.  In such position, she does not have the authority to bind ComponentArt Inc., or to sign checks drawn on company accounts.  She is not now, nor has she ever been, an officer or director of ComponentArt Inc.

In her Affidavit, Milena Bratecevic avers that she owns ten percent (10%) of the outstanding shares of ComponentArt Holdings; she has never been an officer, director, employee or consultant of ComponentArt Holdings; has never been involved in the day-to-day

operations of ComponentArt Holdings; and does not receive any compensation from ComponentArt Holdings.   Further, she avers that she did not participate in any way in the decision to adopt the name "ComponentArt," which decision was made prior to the time that she became employed by ComponentArt and before she became a shareholder in ComponentArt Holdings.  Milena Bratecevic testified at her deposition that she was involved in meetings and discussions regarding the change of the company name from Cyberakt to ComponentArt, but that these discussions all took place after the name was selected and involved only the planning process for introducing the new name to the marketplace.

As a general rule, "[i]ndividuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts."  *Bowers v. NETI Technologies, Inc.*, 690 F. Supp. 349,  357 (E.D. Pa. 1988).  This rule is commonly referred to as the fiduciary shield doctrine.

Courts will ignore the fiduciary shield doctrine in two circumstances.  First, a corporate agent may be held personally liable for torts committed in a corporate capacity.  *See Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978).  Second, if the corporate officer is charged with violating a statutory scheme that provides for personal, as well as corporate liability, courts have held that contacts with the forum which stem from corporate actions should be considered when evaluating whether the officer, as an individual, has minimum contacts with the forum which would support the assertion of personal jurisdiction.  *See Davis v. Metro Productions, Inc.,* 885 F.2d 515 (9th Cir. 1989).  The Amended Complaint contains no allegation that either Vernon Rolufs or Milena Braticevic violated a statutory scheme; therefore,

the only exception that could possibly apply would be if Vernon Rolufs and/or Milena

Braticevic engaged in tortious conduct in their respective corporate capacities in the forum.

Upon a careful review of the evidence of record, the Court finds that Plaintiff has

failed to establish that Vernon Rolufs committed tortious conduct in his corporate capacity as a

shareholder of ComponentArt  Holdings.  The evidence of record reflects that Vernon Rolufs

was not involved in the day-to-day operations of ComponentArt and that he did not participate

in any way in the decision to adopt the name "ComponentArt."

Likewise, the Court finds that Plaintiff has failed to establish that Milena Braticevic

committed tortious conduct in her employment capacity with ComponentArt Inc. or in her

corporate capacity as a shareholder of ComponentArt Holdings. The record evidence reflects

that, as a non-executive employee of ComponentArt Inc., Milena Braticevic does not have the

authority to bind ComponentArt Inc.  Additionally, the record evidence reflects that as a

shareholder of ComponentArt Holdings, Milena Braticevic was not involved in the day-to-day

operations of ComponentArt Holdings and that she did not participate in any way in the

decision to adopt the name "ComponentArt."

The Court finds and rules that Plaintiff has not established that either Vernon Rolufs

or Milena Braticevic, individually or in their corporate capacities, have had minimum contacts

with Pennsylvania "such that they should reasonably anticipate being haled into court [in this

forum]" and, accordingly, the requirements for the exercise of specific jurisdiction have not

been met.

2.      ComponentArt Holdings, Inc.

Plaintiff does not contend that ComponentArt Holdings is "doing business" directly in Pennsylvania, rather, Plaintiff asserts that ComponentArt Holdings is "doing business" vicariously here because it is the "alter ego" of co-defendant ComponentArt Inc., a party which has not challenged in personam jurisdiction.

The existence of a true "alter ego" relationship may provide a sufficient basis for exerting in personam jurisdiction over a foreign corporation which otherwise has no contact with the forum state.  Plaintiff bases its "alter ego" position on the following:

(i)      ComponentArt Holdings owns one hundred percent (100%) of the shares of ComponentArt Inc.;

(ii)      ComponentArt Holdings is engaged in no commercial activity other than "holding" the ComponentArt Inc. stock;

(iii)      ComponentArt Holdings has no separate office facilities but instead occupies the same offices as ComponentArt Inc.; and

(iv)      ComponentArt Holdings and ComponentArt Inc. have significant over-lapping of directors and officers.

"A subsidiary will be considered the alter-ego of its parent only if the parent exercises control over the activities of the subsidiary." *Clemens v. Gerber Scientific, Inc.*, Civ. A. No. 87-5949, 1989 WL 3480 (E.D. Pa. Jan. 13, 1989).  To prevail under its alter ego theory, Plaintiff must demonstrate that "[t]he degree of control exercised by the parent [is] greater than normally associated with common ownership and directorship." *In re Latex Gloves Products Liability Litig.*, No. MDL 1148 (Aug. 22, 2001) 2001 WL 964105 *3 (E.D. Pa. 2001).  *See also Visual Sec. Concepts, Inc. v. KTV, Inc.*, 102 F. Supp. 2d 601, 605 (E.D. Pa. 2000); *Arch v. American Tobacco Co., Inc.*, 984 F. Supp. 830, 837 (E.D. Pa. 1997).  "Plaintiff must prove that

the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent." *Latex Gloves*, 2001 WL 964105, *3 (citing *Arch*, *supra*.).

As stated *supra*, once a defendant raises the defense of jurisdiction, the plaintiff bears the burden of establishing, with reasonable particularity, sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987). "[The Plaintiff] may not rely upon the conclusory averments of the pleadings, but must come forward with competent evidence that establishes the Court's jurisdiction." *Patterson by Patterson v. FBI,* 893 F.2d 595, 604 (3d Cir.), *cert. denied,* 498 U.S. 812 (1990).

After a careful review of the evidence of record and the applicable case law, the Court finds that Plaintiff has failed to establish an "alter ego" relationship between ComponentArt Holdings and ComponentArt Inc.  While Plaintiff points to a number of factors which do suggest a high degree of intimacy and communality between the two entities, it offers no evidence from which an inference can be drawn that the two corporations do not respect normal corporate formalities, or do not deal with each other as separate legal entities, or that ComponentArt Holdings controls the day-to-day operations of ComponentArt Inc. such that ComponentArt Inc. can "be said to be a mere department of the parent." *Latex Gloves*, 2001 WL 964105, *3.

The Court has examined the cases upon which Plaintiff relies and notes that in each of them the relationship between parent and subsidiary was more fully developed than it is here. In short, Plaintiff invites the Court to speculate, on the basis of factors listed previously, that

ComponentArt Holdings has emasculated ComponentArt Inc.'s corporate identity.  The Court declines to do that.  Accordingly, the Court finds and rules that the requirements for the exercise of specific personal jurisdiction are not met.

## Conclusion

For the reasons hereinabove discussed, the Court finds that it does not have personal jurisdiction over John Doe (Vernon Rolufs), Jane Doe (Milena Braticevic), and ComponentArt Holdings, Inc., and, thus, the Motion to Dismiss will be granted.

An appropriate Order follows.

McVerry, J.

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:  05cv1122 |
| | ) | |
| COMPONENTART, INC., | ) | |
| COMPONENTART HOLDINGS, INC., | ) | |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, | ) | |
| JANE DOE, DUSAN BRATICEVIC, | ) | |
| JOHN DOE and CYBERAKT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 12th day of March, 2007, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED**

that the Motion to Dismiss John Doe (Vernon Rolufs), Jane Doe (Milena Braticevic), and

ComponentArt Holdings, Inc. Under Fed. R.Civ.P. 12(b)(2) For Lack of Personal Jurisdiction is

**GRANTED.**

It is further **ORDERED** that Defendants John Doe (Vernon Rolufs), Jane Doe

(Milena Braticevic), and ComponentArt Holdings, Inc. are dismissed as defendants in this

matter and the caption is amended to so reflect as follows:

COMPONENTONE, L.L.C.,              )
                                   )
              Plaintiff,           )
                                   )
          v.                       )      02:  05cv1122
                                   )
COMPONENTART, INC.,STEVE G.        )
ROLUFS, MILJAN BRATICEVIC,         )
DUSAN BRATICEVIC, and              )
CYBERAKT, INC.,                    )
                                   )
              Defendants.          )


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:     Dennis M. Moskal, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.dmm@zegarelli.com

        Gregg R. Zegarelli, Esquire
        Technology & Entrepreneurial Ventures Law Group
        Email: mailroom.grz@zegarelli.com

        Frederick W. Thieman , Esquire
        Thieman & Ward
        Email: fwt@thiemanward.com

        Jonathan M. Gelchinsky, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner
        Email: jon.gelchinsky@finnegan.com

        Lawrence R Robins, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
        Email: larry.robins@finnegan.com