IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPONENTONE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 02: 05cv1122 |
| ) | |
| COMPONENTART, INC., ) | |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, ) | |
| DUSAN BRATICEVIC, and ) | |
| CYBERAKT, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 16, 2007

Presently pending before the Court is the MOTION FOR LEAVE TO AMEND COMPLAINT filed by Plaintiff (*Document No. 128*), the response in opposition filed by Defendants (*Document No. 132*), and the Reply Brief filed by Plaintiff (*Document No. 133*). After considering the filings of the parties and the relevant statutory and case law, the Court will deny the Motion.

Plaintiff seeks leave to amend its First Amended Complaint under Federal Rule of Civil Procedure 15(a) to add an anticyberspiracy claim against Defendant ComponentArt Holdings, Inc., as admitted owner of legal title to the infringing domain name at issue pursuant to the Lanham Act, 15 U.S.C. § 1125(d).

There are two types of anticyberspiracy proceedings provided for in 15 U.S.C. § 1125(d). The first option, found in subsection (d)(1), is a cause of action by the owner of a trademark against the registrant of a domain name, where the challenged domain name was

obtained in bad faith and will cause consumer confusion. Personal jurisdiction over the owner of the domain name is required to maintain such an action.

The second option, found in subsection (d)(2), is an *in rem* proceeding against the domain name itself, if the domain name violates any right of the owner of a trademark. *In rem* jurisdiction attaches only after certain requirements are met. Specifically, in order to establish *in rem* jurisdiction over a domain name, a plaintiff must (i) be unable "to obtain in personam jurisdiction over" a party who could be a defendant under § 1125(d)(1) (e.g., the current owner of the domain name), or (ii) "through due diligence [be unable] to find a person who" could be a defendant under § 1125(d)(1).

In a separate Memorandum Opinion and Order filed simultaneously with the instant Memorandum Opinion, the Court ruled that in personam jurisdiction over ComponentArt Holdings, Inc., the registrant of the domain name <componentart.com>, was not available within this jurisdiction. Accordingly, any cause of action against ComponentArt Holdings, Inc., under § 1125(d) would necessarily have to be an *in rem* proceeding under § 1125(d)(2).

ComponentArt Holdings, Inc. does not argue that the proposed amendment would be futile, but rather argues that there has been undue delay in seeking this amendment and that it will be unduly prejudiced if leave to amend is granted.

The instant case was commenced on August 12, 2005, with the filing of an eight-count trademark-related Complaint against ComponentArt, Inc., only. On October 12, 2006, Plaintiff filed a First Amended Complaint, which added seven (7) defendants and two (2) new causes of action, including a new claim for civil conspiracy.

On August 1, 2006, the Court entered a Second Amended Case Management / Scheduling Order which established a deadline for amending the pleadings of October 7, 2006.

Plaintiff argues that leave to amend shall be "freely given when justice to requires." Mot. at ¶ 7 (citing F.R.C.P. 15(a)). However, under Federal Rule of Civil Procedure 16(b), when the deadline for filing motions to amend specified in the Court's pretrial scheduling order had passed, the motion to amend must be evaluated under the stricter standard specified in Rule 16(b). Under Rule 16(b), once a scheduling order has been entered, "good cause" must be shown by the party seeking to modify the order. According to the advisory committee notes to the 1983 amendments to the Federal Rules, Rule 16(b) was intended to "assure [ ] that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Thus, under Rule 16(b), the burden is on the party seeking the amendment to show "good cause."

Although the Third Circuit has not explicitly addressed this tension between Rule 15(a) and Rule 16(b ), seven circuit courts have. *See Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir.1999); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir.1992); *Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1419 (11th Cir.1998) (per curium). Each of these courts has come to the same conclusion: once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate "good cause" for its failure to comply with the scheduling order before the

trial court can consider, under Rule 15(a), the party's motion to amend its pleading.  This Court concludes that the Third Circuit would likely come to the same conclusion. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *see also Dimensional Comm'ns, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x 82, 85 (3d Cir. 2005) (unpublished).

Accordingly, the question before the Court is whether Plaintiff has shown "good cause" for its failure to comply with the Court's Second Amended Case Management / Scheduling Order. "Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order.

Plaintiff argues that "until the granting of jurisdictional discovery, and Defendant ComponentArt Holdings' responses to Plaintiff's Jurisdictional Requests for Admission," the fact that ComponentArt Holdings was the owner / registrant of the domain name in question was not known to Plaintiff.  Reply Br. at ¶1.  However, Plaintiff fails to explain how this prevented Plaintiff from bringing the motion to amend earlier.  Good cause depends on the diligence of the moving party.  Plaintiff was clearly aware of ComponentArt Holdings when it filed its Amended Complaint in October 2006 and it defies logic to find that the attorneys for Plaintiff were not aware of the "offending" domain name when it filed its original Complaint in August 2005.  Further, the definitive identity of the owner of the registration of the domain name was provided to Plaintiff by Defendants in early January, 2007, nearly seven (7) months ago.  See "General Conveyance and Bill of Sale" attached to Plaintiff's Supplemental Brief in Opposition to Defendants' Motion to Dismiss, Exhibit 8.  The Court finds and rules that Plaintiff has failed to demonstrate good cause.

Additionally, the Court finds and rules that it would be prejudicial to Defendants, to now add, two years after the lawsuit was initiated, and ten (10) months after the expiration of the deadline for seeking leave to amend, a new claim under Section 43(d) of the Lanham Act.

For all the reasons hereinabove stated, the Motion to Amend will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPONENTONE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1122 |
| | ) | |
| COMPONENTART, INC., | ) | |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, | ) | |
| DUSAN BRATICEVIC, and | ) | |
| CYBERAKT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 16th day of August 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that the Motion for Leave to Amend Complaint filed by Plaintiff is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   Dennis M. Moskal, Esquire
      Technology & Entrepreneurial Ventures Law Group
      Email: mailroom.dmm@zegarelli.com

      Gregg R. Zegarelli, Esquire
      Technology & Entrepreneurial Ventures Law Group
      Email: mailroom.grz@zegarelli.com

      Frederick W. Thieman , Esquire
      Thieman & Ward
      Email: fwt@thiemanward.com

Jonathan M. Gelchinsky, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner
Email: jon.gelchinsky@finnegan.com

Lawrence R Robins, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Email: larry.robins@finnegan.com