# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPONENTONE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 05cv1122 |
| ) | |
| COMPONENTART, INC., ) | |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, ) | |
| DUSAN BRATICEVIC, and ) | |
| CYBERAKT, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

December 6, 2007

Presently pending before the Court is the MOTION FOR PARTIAL SUMMARY JUDGMENT, with brief in support, filed by Defendants ComponentArt, Inc., Steve G. Rolufs, Miljan Braticevic, and Dusan Braticevic (*Document Nos. 141 and 142, respectively*) and the brief and response in opposition filed by Plaintiff, ComponentOne, L.L.C. (*Document Nos. 150 and 151, respectively*).

On October 6, 2006, Congress enacted the Trademark Dilution Revision Act of 2006 ("TDRA"), which struck in its entirety the Federal Trademark Dilution Act of 1996 ("FTDA"), the existing federal dilution statute. Six days later, on October 12, 2006, Plaintiff filed its Amended Complaint in which it alleged, *inter alia,* claims for trademark dilution in violation of federal law, 15 U.S.C. § 1125(c), and Pennsylvania state common law, 54 Pa. C.S.A. § 1124 (Counts Three and Nine of the Amended Complaint, respectively).

Defendants have moved for summary judgment on Plaintiff's dilution claims on the grounds that under the TDRA Plaintiff cannot prove ownership of a distinctive and famous mark. For the reasons stated herein, the Motion for Partial Summary Judgment will be granted.

**Standard of Review**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

**Discussion**

A.  *Federal Dilution Claim (Count Three)*

The TDRA became effective on October 6, 2006 and replaced the FTDA. Specific changes to federal dilution law under the TDRA include, *inter alia*, a reconfiguration of the factors used to determine if a mark is famous for dilution purposes, including a rejection of the dilution claims based on "niche" fame. *See Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296 (S.D. N.Y. 2007). Under the TDRA, to be famous a mark must be "widely recognized by the general consuming public of the United States . . ." 15 U.S.C. § 1125(c)(2) (emphasis added). Prior to the amendment, the statute contained no language defining fame so specifically or narrowly. The House Report which discusses the TDRA states that the legislation expands the threshold of "fame" and thereby denies protection for marks that are famous only in "niche" markets.[1] *Century 21 Real Estate LLC v. Century Ins. Group*, 2007 WL 484555, *14 (D. Ariz. Feb. 9, 2007) (*citing* House Report on Trademark Dilution Act of 2006, H.R. Rep. 109-23 at 8, 25).

Furthermore, district courts which have addressed the issue of whether the TDRA precludes "niche market fame" have held that the concept of "niche market fame" has been eliminated by the TDRA. *See Milbank Tweed Hadley & McCloy LLP v. Milbank Holding Corp.*, 82 U.S.P.Q.2d 1583, 1588 (C.D. Cal. Feb. 23, 2007) (stating that the amended language under the TDRA precludes a finding of niche market fame); *Dan-Foam A/S v. Brand Named Beds*, L.L.C., No. 06 CIV 6350, 2007 WL 1346609, at *6 n. 90 (S.D. N.Y. May 4, 2007)

---

[1] The United States Court of Appeals for the Third Circuit first recognized fame within a niche market in *Times Mirror Magazines, Inc. v. Las Vegas Sports News,* 212 F.3d 157 (3d Cir. 2000), *cert. denied,* 531 U.S. 1071 (2001).

(stating that the inclusion of the phrase "widely recognized by the general consuming public in the United States" in the TDRA was intended to reject dilution claims based on niche market factors.)

Additionally, courts have held that the application of the TDRA is immediate and retroactive. *See Dan-Foam, A/S*, at *6 n. 87 (holding that the TDRA applied to plaintiff's dilution claim even though the claim was filed before the statute was amended); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 477 F.3d 765, 766 (2d Cir. 2007) (same).

Defendants contend, and the Plaintiff does not disagree, that Plaintiff's federal dilution claim is supported only on the theory of "niche market fame." In fact, all of Plaintiff's witnesses that testified on the issue at deposition agreed that the "ComponentOne" mark is well known only in its niche market - a specific segment of the computer information technology industry, namely, developers on the Windows, Borland, and Visual Studio platforms. *See* excerpts from the deposition transcripts of Gustavo Eydeslsteyn (Exhibit 1); Geoffrey Lusty (Exhibit 2); John Charles Juback (Exhibit 3); Richard F. Williamson (Exhibit 5); Rich Little (Exhibit 6); and Kenneth L. Spencer (Exhibit 7).

Accordingly, Defendants argue that Plaintiff's federal dilution claim fails as a matter of law because it depends entirely on the existence of niche market fame, a concept no longer recognized under federal law. Plaintiff responds that equity principles dictate that the TDRA should not be given retroactive effect because it is "ostensibly prejudicial to eliminate causes of action during the pendency of litigation." Br. at 4.

The Court finds that Plaintiff's argument is not persuasive. The TDRA made a substantial change in the law which effectively eliminated the only theory upon which Plaintiff

claims to have been able to establish its dilution claim. Plaintiff has never claimed to have evidence that its mark enjoys any fame outside of the niche market in which it operates. The TDRA revised the FTDA to deny protection to marks that are famous only in "niche" markets.

Accordingly, summary judgment will be granted to Defendants on Count 3 of the Amended Complaint.

B.   *Pennsylvania Dilution Claim (Count Nine)*

Defendants argues that the Pennsylvania dilution claim brought by Plaintiff relies on the same factual allegations included in the federal claim, *i.e.*, the existence of niche market fame, and, therefore should also be dismissed. Plaintiff responds that there has been no amendment to the Pennsylvania anti-dilution statute and, therefore, the "niche market fame" theory remains viable under Pennsylvania common law.

Numerous courts have found that the requirements to establish a dilution claim under Pennsylvania law and federal law (prior to the amendment) are identical. *See Scott Fetzer Co. v. Gehring*, 288 F. Supp. 2d 696, 702 n. 9 (E.D. Pa. 2003) ("we interpret the requirements for establishing a dilution claim under Pennsylvania law and federal law to be identical); *Strick Corp. v. Strickland*, 162 F. Supp. 2d 373, 378 n.10 (E.D. Pa. 2001) (the wording of the Pennsylvania anti-dilution statute is taken almost verbatim from the federal anti-dilution statute).

As discussed above, the TDRA precludes niche fame. This change would apply to Pennsylvania dilution law assuming that Pennsylvania continues to faithfully mirror federal law in this area. Accordingly, unless and until the Court of Appeals for the Third Circuit decides

otherwise, the Court will continue to construe Pennsylvania dilution law in accordance with federal law.

It is important to note that "niche market fame" does not arise from the specific language of the Pennsylvania statute, but rather is a creature of judicial construction of federal law. *See Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157, 164 (3d Cir. 2000). Thus, alike the decision in *McNeil Nutritionals, L.L.C. v. Heartland Sweetners, Inc., L.L.C.*, No. 06-5336, 2007 WL 1520101 at *1 (E.D. Pa. May 21, 2007), a decision upon which Plaintiff relies, the Court is not required to address an issue that arises from the actual language of the statute, i.e., the requirement to prove damages. Thus, the Court finds and rules that to the extent that Pennsylvania courts recognized the concept of niche market fame, they did so based on interpretation of federal law that is no longer applicable.

Accordingly, the Court finds and rules that niche fame does not support Plaintiff's claim of dilution under Pennsylvania common law and summary judgment will be granted to Defendants on Count Nine of the Amended Complaint.

C. *Constitutionality of the TDRA*

Plaintiff argues that the TDRA is unconstitutionally vague because "the legislative history provides no guidance whatsoever for the core terms to be used regarding implementation and enforcement of the statute." Br. at 10. According to Plaintiff, the term "widely recognized by the general consuming public of the United States" is "inherently vague."

The void-for-vagueness doctrine applies in civil cases as well as criminal ones. *See, e.g., Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1048-51 (1991). To find a civil statute void for vagueness, the statute must be so vague and indefinite "as really to be no rule or standard at all." *Boutilier v. INS*, 387 U.S. 118, 123 (1967).

The United States Supreme Court has held that in examining a facial vagueness challenge to a statute that implicates no constitutionally protected conduct, a court should uphold the challenge "only if the enactment is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982). The Supreme Court also stated that "the degree of vagueness that the Constitution tolerates . . . depends in part on the nature of the enactment," and that "the Court has . . . expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Id*. at 498-99.

After review of the statute at issue, the Court finds as a matter of law that the statute is not so vague as to be no standard at all. The phrase "widely recognized by the general consuming public of the United States" has a readily ascertainable meaning. Therefore, the Court finds that this language is sufficiently definite to render it constitutionally acceptable.

D.   *Motion for Fees*

Defendants request that the Court award them their costs and fees expended in bringing the Motion for Partial Summary Judgment. However, it does not appear that Defendants have followed the process as set forth in Federal Rule of Civil Procedure 11(c)(2) and, therefore, their request for sanctions will be denied.

**Conclusion**

For the hereinabove reasons, the Motion for Partial Summary Judgment will be granted and Counts Three and Nine of the Amended Complaint will be dismissed. The objections of Plaintiff to the TDRA as unconstitutional for vagueness will be denied. Lastly, the request of Defendants for sanctions will be denied.

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPONENTONE, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 05cv1122 |
| | ) |
| COMPONENTART, INC., | ) |
| STEVE G. ROLUFS, MILJAN BRATICEVIC, | ) |
| DUSAN BRATICEVIC, and | ) |
| CYBERAKT, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 6th day of December, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that the Motion for Partial Summary Judgment is **GRANTED** and Counts Three and Nine of the Amended Complaint are dismissed as a matter of law.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Dennis M. Moskal, Esquire
       Technology & Entrepreneurial Ventures Law Group
       Email: mailroom.dmm@zegarelli.com

       Gregg R. Zegarelli, Esquire
       Technology & Entrepreneurial Ventures Law Group
       Email: mailroom.grz@zegarelli.com

       Jonathan M. Gelchinsky, Esquire
       Finnegan, Henderson, Farabow, Garrett & Dunner
       Email: jon.gelchinsky@finnegan.com

Lawrence R Robins, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Email: larry.robins@finnegan.com

William F. Ward, Esquire
Ward McGough
Email: wfw@wardmcgough.com